IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CRAIG PURCARO, | No. CIV S-07-2325-FCD-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| SUSAN L. HUBBARD,[1] | |
| Respondent. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's motion to dismiss (Doc. 13) the petition for failure to exhaust state court remedies.

Petitioner was convicted of residential burglary, receiving stolen property, and auto theft, and was sentenced to 35 years to life in state prison.  The conviction and sentence were affirmed by the California Court of Appeal on October 25, 2006.  The California Supreme Court denied direct review on January 24, 2007.  Petitioner did not file any state post-conviction actions challenging his conviction or sentence.

---

[1] The Clerk of the Court is directed to update the docket to reflect that Susan L. Hubbard is the only respondent named in the amended petition.

1

1  Respondent argues that the claims raised in the instant federal petition are
2  unexhausted because they were not presented to the California Supreme Court in petitioner's
3  petition for direct review.  Specifically, respondent notes that the only claims raised in the
4  California Supreme Court was whether denial of petitioner's motion to add a plea of not guilty by
5  reason of insanity, which was made immediately after he was found guilty, was an abuse of the
6  trial court's discretion.  In the federal petition, petitioner asserts:  (1) his confession was coerced;
7  (2) his arrest was unlawful; (3) violation of double jeopardy; and (4) violation of privilege
8  against self-incrimination.  Because none of these claims were raised in the state court,
9  respondent concludes that the federal petition is wholly unexhausted.

10  Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required
11  before the federal court can grant a claim presented in a habeas corpus case.  See Rose v. Lundy,
12  455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v.
13  Pliler, 336 F.3d 839 (9th Cir. 2003).  "A petitioner may satisfy the exhaustion requirement in
14  two ways:  (1) by providing the highest state court with an opportunity to rule on the merits of the
15  claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal
16  court no state remedies are available to the petitioner and the petitioner has not deliberately
17  by-passed the state remedies."  Batchelor v. Cupp , 693 F.2d 859, 862 (9th Cir. 1982) (citations
18  omitted).  The exhaustion doctrine is based on a policy of federal and state comity, designed to
19  give state courts the initial opportunity to correct alleged constitutional deprivations.  See Picard
20  v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518.

21  The court agrees with respondent that none of the claims raised in the instant
22  federal petition are exhausted because petitioner did not present them to the California Supreme
23  Court and he has not come forward with any argument that no state remedies were available to
24  him.
25  / / /
26  / / /

Based on the foregoing, the undersigned recommends that:

1. Respondent's motion to dismiss (Doc. 13) be granted;

2. This petition be dismissed without prejudice; and

3. The Clerk of the Court be directed to enter judgement and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 27, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE